**D. G. Brinton THOMPSON et al.**

v.

**Nancy Mayo DUNHAM et al.**

Supreme Judicial Court of Maine.

March 18, 1968.

William Fenton, Bar Harbor, for plaintiffs.

Linnell, Perkins, Thompson, Hinckley & Thaxter, by Sidney W. Thaxter, Portland, Hale & Hamlin, by Atherton Fuller, Ellsworth, for defendants.

Before WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEBBER, Justice.

Plaintiff executors of the will of the late DeForest Grant seek instructions from the

court with respect to the administration of the estate. Issues are tendered on appeal by the residuary legatees with respect to the disposition of certain income earned by the estate after the date of death.

The case was submitted below on an agreed statement of facts, and such portions thereof as are pertinent to this appeal may be summarized as follows. The assets of the estate (other than property specifically bequeathed) were insufficient after payment of debts, funeral expenses, administration expenses and death taxes payable from the estate to pay the general pecuniary legacies made in the will. During the course of administration of the estate, the executors received a substantial amount of income from securities held by them and not specifically bequeathed. In Article Ninth of his will DeForest Grant made a pecuniary bequest to the New York Zoological Society, the essential nature of which is disclosed by the following relevant portions thereof:

"NINTH. I give and bequeath to the NEW YORK ZOOLOGICAL SOCIETY, a New York corporation, the sum of One hundred thousand ($100,000.) dollars, *provided, however,* that said bequest shall be reduced by the aggregate amount of any gifts to said Society made by me after December 1, 1957, and prior to the date of my death, up to Twenty-five thousand ($25,000.) Dollars only, but if said gifts shall exceed said sum of $25,000., then this bequest under my Will shall be reduced by only said sum of $25,000. This bequest under my Will shall be set aside by said Society in a fund designated as the MADISON GRANT SCIENTIFIC RESEARCH FUND, for the following purposes:

"Except as hereinafter specified, the fund shall be held intact to be invested and reinvested as a permanent fund, and the income therefrom shall be used for the promotion of scientific research * * *.

"In aid of the foregoing, expenditures may be made from time to time out of the principal of the fund, in amounts not exceeding in the aggregate the sum of $25,000. for laboratory facilities, equipment, supplies, research personnel and such other items as shall be approved by the Board of Trustees or Executive Committee of said Society.

"Inasmuch as the above fund is a Memorial to my brother, Madison Grant, I desire and wish that the bronze bust of my brother, sculptured by Daniel Chester French, shall be placed in a proper and suitable place in the administration building of the New York Zoological Society."

The bequest amounts to $86,673.50. Zoological is a non-profit corporation engaged in and devoted to charitable, educational and public purposes and exempt from inheritance taxation under the provisions of 36 M. R.S.A. Sec. 3461, and, within its purposes, it is authorized to carry out the provisions of the above bequest.

Upon these facts the disposition of income earned during administration depends upon the construction of 18 M.R.S.A. Sec. 4016 which provides:

"Where a general bequest other than of residue is given in trust or for life or for a term of years, that portion of the net income of the estate, except income from assets specifically devised or bequeathed, earned during the period of administration up to the time of distribution of such bequest, computed as provided in this section, shall be distributed as income to or for the benefit of the *immediate income beneficiary* of such bequest. Such portion shall be that proportion of the net income of the estate earned to the time of distribution of such bequest, except income from assets specifically devised or bequeathed, which the value of such bequest bears to the *total inventory value* of the estate reduced by all debts, expenses and taxes payable out of the residue of the estate; by the amount of any general bequest other than of residue, which is not given in trust or for life or for a term of years; and by the inventory value

of assets specifically devised and bequeathed." (Emphasis ours)

 Appellants first contend that Zoological cannot take income as the "immediate income beneficiary" within the meaning of the statute. The Justice below thought otherwise as do we. A gift to a charitable corporation creates a charitable trust where the principal is to be held intact and only the income used for the donee's charitable purposes. This is so even though no separate trustee is named and the word "trust" does not appear. First Universalist Soc., Bath v. Swett, et al. (1952) 148 Me. 142, 146, 90 A.2d 812. The principle applies equally where as here only a limited invasion of the principal is permitted under conditions controlled by the will. We are satisfied that we are here dealing with "a general bequest other than of residue * * * given in trust" within the meaning of § 4016. Moreover, the charitable donee, being entitled to the income forthwith without limitation, became the "immediate income beneficiary of the bequest" as contemplated by the statute. Such was clearly the intention of the testator, and it is his intention which governs. Doherty v. Grady, (1908) 105 Me. 36, 72 A. 869. The Justice below properly concluded that Zoological was an "immediate income beneficiary" entitled to income on its bequest from the date of death of the testator.

 § 4016 provides an arbitrary formula for the distribution of income earned during the period of administration of the estate. The language is clear and unambiguous. The Legislature intended that such income should be shared proportionately by a pre-residuary trust and the residuary estate, if any. Key words in the formula are "total inventory value." These words, in the absence of contrary legislative definition, must be given their ordinary and accepted meaning and thus must be equated with total inventory value as of the date of death. In the instant case, as already noted, there was no residuary estate as of the date of death. There was therefore no error in the decision below which awarded none of the income earned during administration to the residuary legatees. The latter vigorously contend that the result is inequitable and that Zoological will receive a windfall disproportionate to its beneficial interest under the will. As to that, if there be any inequity, it stems from the legislative formula and not from any judicial application of it. A change in the formula, if indeed any is necessary or desirable, must come from the Legislature and not by way of judicial legislation.

Appeal denied.

WILLIAMSON, C. J., did not sit.

DUFRESNE, J., sat at argument but did not participate in this decision.